**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

MARK GAGNON,

    Plaintiff,

v.                                             Case No: 8:14-cv-1817-T-30TBM

EXPERIAN INFORMATION
SOLUTIONS, INC. and DRIVETIME
CAR SALES COMPANY, LLC,

    Defendants.

## ORDER

THIS CAUSE comes before the Court upon the Defendant Drivetime Car Sales Company LLC's Motion to Dismiss or in the Alternative Motion to Stay and Compel Arbitration (Dkt. #11) and Plaintiff's Response in Opposition to the Motion (Dkt. #15). Upon review and consideration, it is the Court's conclusion that the Motion should be denied.

Plaintiff, Mark Gagnon, sues Defendant Drivetime Car Sales Company LLC ("Drivetime") for violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA"). He premises his complaint on Drivetime's negligent reporting of erroneous information related to his Drivetime account. Drivetime argues that the Court should dismiss Gagnon's complaint or in the alternative compel the parties to arbitration due to the alleged existence of an Arbitration Agreement. Drivetime states that Gagnon executed this purported agreement in conjunction with the other transactions related to the purchase of his vehicle at Drivetime.  It argues that although it cannot locate the specific documents related to

Gagnon's vehicle purchase transaction, it has computer records related to Gagnon's transaction. At the time of Gagnon's transaction, Drivetime utilized a standard Arbitration Agreement, a copy of which it attached to its Motion. It was Drivetime's policy to require execution of this Arbitration Agreement as part of every transaction.

Drivetime argues that Drivetime's policy, taken together with the fact that Drivetime and Gagnon entered into a vehicle purchase transaction, establishes that Gagnon "would have agreed" to the Arbitration Agreement. It also argues two further points in support of its Motion: (1) arbitration agreements do not have to be signed to be enforceable and (2) it has established, through parol evidence, that the Arbitration Agreement exists and it has offered an explanation as to why the original contract was lost or destroyed. In his affidavit, Gagnon denies that he ever signed the Arbitration Agreement, he states "with absolute certainty" that the Arbitration Agreement is not an agreement that he entered into with Drivetime, and a review of his personal records regarding the transaction reveals no document resembling the Arbitration Agreement, or any other agreement to arbitrate.

Federal policy favors arbitration over litigation. *Seaboard Coast Line R. Co. v. Trailer Train Co.*, 690 F.2d 1343, 1348 (11th Cir. 1982). "This federal policy requires that [the court] construe arbitration clauses generously, resolving all doubts in favor of arbitration." *Id*. However, a court "will not compel parties to arbitrate a dispute where the parties have not agreed to do so." *Scott v. EFN Investments, LLC*, 312 Fed. App'x. 254, 256 (11th Cir. 2009). The Court engages in a two-step inquiry in analyzing a motion to compel arbitration: first it must determine whether the parties agreed to arbitrate the dispute; and then, it decides whether "legal constraints external to the parties' agreement foreclosed arbitration." *Klay v. All Defendants*, 389 F.3d 1191, 1200 (11th Cir. 2004).

Whether a contract's arbitration clause requires arbitration of a given dispute is a matter of contract interpretation. *Seaboard Coast Line R. Co.,* 690 F.2d at 1348. Therefore, the validity of an arbitration agreement is a matter of state law. *Caley v. Gulfstream Aerospace Corp.,* 428 F.3d 1359, 1367-68 (11th Cir. 2005). To prove the existence of a contract under Florida law, the party seeking to enforce the contract must prove "offer, acceptance, consideration and sufficient specification of essential terms." *St. Joe Corp. v. McIver*, 875 So. 2d 375, 381 (Fla. 2004). The proponent of the contract must prove these elements by a preponderance of the evidence. *Id*. (oral contract); s*ee also Robbie v. City of Miami, Fla*., 469 So. 2d 1384, 1385 (Fla. 1985) (written contract). "[T]he one who should lose on the issue of an agreement to arbitrate is the one who failed to carry its burden of proving an acceptance of arbitration as a contractual remedy." *Steve Owren, Inc. v. Connolly*, 877 So. 2d 918, 920 (Fla. 4th DCA 2004).

Generally, under the Federal Arbitration Act, arbitration agreements do not have to be signed to be enforceable. *See Caley,* 428 F.3d at 1368; *Santos v. General Dynamics Aviation Services Corp*., 984 So. 2d 658, 661 (Fla. 4th DCA 2008) (where the arbitration agreement stated that "the continuation of employment by an individual shall be deemed to be acceptance of the [arbitration agreement]" and that no signature was required for it to be applicable, the court found that the employee seeking to avoid arbitration had accepted the agreement by continuing his employment). However, an arbitration agreement may define the appropriate method of acceptance as the signature of the parties. *See Schoendorf v. Toyota of Orlando*, 608-CV-767-ORL-19DAB, 2009 WL 1075991 (M.D. Fla. Apr. 21, 2009) ("The document then provided a space for signatures. In this way, the arbitration agreement defined the appropriate method of acceptance as the signatures of the parties.")

In this case, the Arbitration Agreement Drivetime attached clearly provides a space for the signatures of both parties. Therefore, the general rule does not apply here and Drivetime must produce evidence that Gagnon signed the Arbitration Agreement or otherwise assented. *See Shearson, Lehman, Hutton, Inc. v. Lifshutz*, 595 So. 2d 996 (Fla. 4th DCA 1992) (upholding trial court's denial of defendant's motion to compel arbitration where defendant produced its standard brokerage contract with its standard arbitration clause and plaintiffs denied that they signed or assented in any way to the agreement or the arbitration clause). *See also Steve Owren, Inc.*, 877 So. 2d at 921 (affirming trial court's denial of a motion to compel where plaintiff denied signing the agreement and "[n]o witness testified that the agent actually signed the document in his/her presence. No one remembered positively seeing the document with her signature on it. Rather the [employer's] evidence was all about how it requires every agent to sign such agreements, and that a signed agreement simply must have been in her file at some time even though none was found and produced at the hearing.").

Drivetime's evidence is essentially merely pattern and practice evidence which is insufficient to establish that Gagnon signed the Arbitration Agreement. Further, the Court cannot infer that Gagnon necessarily signed the Arbitration Agreement from the fact that he entered into a vehicle purchase transaction with Drivetime. *See id.; Schoendorf*, 2009 WL 1075991 (since "the arbitration agreement [was] independent of the employment agreement between the parties, and the Court cannot infer acceptance of the arbitration agreement from Plaintiff's acceptance of employment with Defendant.")

Although, a party may re-establish a lost or destroyed contract under Florida law; *see* § 90.954(1), Fla. Stat., Drivetime has not sufficiently proven the existence of the

alleged signed Arbitration Agreement, provided a satisfactory explanation as to the loss or destruction of it, or established that any agreement to arbitrate existed at all. Drivetime relies on *Envtl. Services, Inc. v. Carter*, 9 So. 3d 1258, 1267 (Fla. 5th DCA 2009) which is distinguishable from this case because it did not involve a dispute over whether a valid contract existed; the employee agreed that he signed the contract but could not recall its terms, and two other employees testified that they signed identical contracts which included the same restrictive covenant at issue in the case.

The Court concludes that Drivetime has not sufficiently established that Gagnon signed the Arbitration Agreement or otherwise agreed to arbitrate his dispute and must therefore deny the Motion. However, the denial is without prejudice. In the event Drivetime is able to locate the signed Arbitration Agreement or other more sufficient evidence demonstrating Gagnon's assent to arbitrate the dispute, it may re-file the Motion.

It is therefore ORDERED AND ADJUDGED that Defendant Drivetime Car Sales Company LLC's Motion to Dismiss or in the Alternative Motion to Stay and Compel Arbitration (Dkt. #11) is DENIED without prejudice.

**DONE** and **ORDERED** in Tampa, Florida, this 20th day of October, 2014.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2014\14-cv-1817 mtd 11.docx

5