UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MARK GAGNON,**

    **Plaintiff,**

v.                                        Case No.  8:14-cv-1817-T-30TBM

**EXPERIAN INFORMATION**
**SOLUTIONS, INC., et al.,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Drivetime Car Sales Company, LLC's Motion for Summary Judgment (Dkt. 36), to which Plaintiff Mark Gagnon has responded in opposition (Dkt. 40).  The Court, having reviewed the motion, response, and record, and being otherwise advised of the premises, concludes that the motion should be denied without prejudice as premature.

*Background*

Plaintiff Mark Gagnon sues Defendants Experian Information Solutions, Inc. ("Experian") and Drivetime Car Sales Company, LLC ("Drivetime") for violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.*  (Dkt. 1).  Plaintiff has conditionally settled his claims against Experian (Dkt. 42), and a single claim against Drivetime remains.

Plaintiff alleges that he purchased a car from Drivetime in 2004, through a lease-to-own program.  (Dkt. 1 at ¶ 24).  Although Plaintiff voluntarily surrendered the car in 2005,

Drivetime inaccurately reported that Plaintiff's car was repossessed or voluntarily surrendered in 2011 and that payments were still being made in 2011. (*Id.* at ¶¶ 29, 34, 106). Plaintiff filed three separate disputes with Experian regarding the reporting of his Drivetime account. (*Id.* at ¶¶ 35, 37, 42). Drivetime failed to properly investigate and correct the errors in Plaintiff's account, in violation of 15 U.S.C. § 1681s-2(b). (*Id.* at ¶¶ 102-113).

*Discussion*

Section 1681s–2(b) of the FCRA requires furnishers of information, such as Drivetime, to investigate and respond promptly to notices of consumer disputes. In order to prevail on his FCRA claim, Plaintiff will be required to demonstrate that Drivetime received notice of his disputes from Experian and failed to conduct a reasonable investigation. *Green v. RBS Nat'l Bank*, 288 F. App'x 641, 642 (11th Cir. 2008); *Arianas v. LVNV Funding LLC*, No. 8:14-cv-1531, 2015 WL 5038269, at *3 (M.D. Fla. Aug. 25, 2015).

Drivetime filed its motion for summary judgment on August 7, 2015, prior to the close of discovery. At the time Plaintiff filed his response, he had not yet taken the deposition of Drivetime's corporative representative or Experian's corporate representative. (Dkt. 40 at 11). Plaintiff maintains that the depositions will be relevant to issues including whether Drivetime received notice of Plaintiff's disputes, as well as the reasonableness of Drivetime's investigation. (*Id.* at 11, 13 n.2).

Rule 56 of the Federal Rules of Civil Procedure provides: "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to

obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). A party seeking to use Rule 56(d) "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts, but rather he must specifically demonstrate how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Reflectone, Inc. v. Farrand Optical Co.*, 862 F.2d 841, 843-44 (11th Cir. 1989) (internal citation and quotation marks omitted) (addressing substantially similar provision in Rule 56, previously included in Rule 56(f)).

Although Plaintiff neglected to file an affidavit or declaration addressing why he is unable to effectively respond to Drivetime's motion for summary judgment, it is apparent that he is unable to do so. In support of the motion, Drivetime provides a declaration by Michael Hanson, an Operations Support Specialist, to demonstrate that Drivetime did not receive notice of Plaintiff's second and third disputes from Experian, and that Drivetime investigated the first dispute. (Dkt. 36-1 at ¶¶ 12, 20-21). In order to meaningfully address the substance of this declaration, Plaintiff will require, at the very least, an opportunity to depose Drivetime's corporate representative. Accordingly, the Court finds that Drivetime's motion is premature to the extent that Drivetime seeks a ruling on the merits of Plaintiff's FCRA claim.

The Court notes that Drivetime also requests summary judgment on its affirmative defense that Plaintiff's claim is time-barred under the FCRA's two-year limitations period, 15 U.S.C. § 1681p. In order to prevail on its argument, Drivetime must demonstrate that

Plaintiff was aware, or should have been aware, of the facts underlying Drivetime's alleged statutory violations prior to July 28, 2012. *Mack v. Equable Ascent Fin., L.L.C.*, 748 F.3d 663, 665-66 (5th Cir. 2014); *Alibris v. ADT LLC*, No. 9:14-cv-81616, 2015 WL 5084231, at *7 (S.D. Fla. Aug. 28, 2015); *Stroud v. Bank of Am.*, 886 F. Supp. 2d 1308, 1321 (S.D. Fla. 2012). Because the facts underlying Plaintiff's section 1681s-2(b) claim are currently unsettled—given the inadequate record—consideration of Drivetime's statute of limitations defense is likewise premature.

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Defendant Drivetime Car Sales Company, LLC's Motion for Summary Judgment (Dkt. 36) is **DENIED WITHOUT PREJUDICE** as premature.

**DONE** and **ORDERED** in Tampa, Florida on November 16, 2015.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record